**Johnnie Merion HEARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 187–83.

Court of Criminal Appeals of Texas, En Banc.

March 14, 1984.

Brenda Neel Hight, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth Lown and Dennis Jones, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

McCORMICK, Judge.

The Court of Appeals of the Eleventh Supreme Judicial District reversed appellant's conviction after finding fundamental error in the court's charge.[1] The information alleged the following:

"Now comes the Criminal District Attorney of Dallas County, State of Texas, and presents in and to the County Criminal Court of Dallas County, State aforesaid, that one JOHNNIE MERION HEARD hereinafter styled Defendant, heretofore, on or about the *2* day of *October* A.D., *1980* in the County of Dallas and State of Texas, was intoxicated, and under the influence of intoxicating liquor, and while so intoxicated and under the influence of intoxicating liquor, did then and there unlawfully drive and

---

**1.** The Court reviewed appellant's other ground of error and found no merit. We granted discretionary review only on the question of fundamental error in the jury charge.

operate a motor vehicle upon a public street and highway, in Dallas County, Texas against the peace and dignity of the state."

The pertinent portion of the court's charge reads as follows:

"You are further instructed that if a Defendant indulges in the use of drugs to such an extent that he thereby makes himself more susceptible to the influence of intoxicating liquor than he otherwise would have been and by reason thereof becomes intoxicated from the recent use of intoxicating liquor, he would be in the same position as though his intoxication was produced by the use of intoxicating liquor alone.

"Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the Defendant, Johnnie Merion Heard, on or about the 2 day of October, A.D., 1980, in the County of Dallas and State of Texas was intoxicated or under the influence of intoxicating liquor and while so intoxicated or under the influence of intoxicating liquor, either alone or in combination with drugs and on said date did then and there drive or operate an automobile or other motor vehicle upon a public road or highway in the County of Dallas and State of Texas, as charged in the Information herein, you will find the Defendant guilty as charged in the Information and in this hearing you will make no finding in your verdict as to punishment. If you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the Defendant and say by your verdict Not Guilty."

The Court of Appeals found that fundamental error was present because the charge allowed the jury to convict on a theory which was not charged in the information: specifically, that appellant was driving a motor vehicle on a public street or highway while under the influence of intoxicating liquor in combination with drugs.

■ We do not find it necessary to determine if the charge as worded contained fundamental error. Our review of the record shows that appellant made a timely objection to the court's charge and thus preserved error, if any. Thus, the question of fundamental error was not before the Court of Appeals and is not before us now.

■ After reviewing the facts of the case, we hold that the court did not err in overruling appellant's objection to the charge. After the State rested its case, the defense brought Dr. Norman Kaplan to the stand. Dr. Kaplan testified that appellant was a patient of his at the time of the offense and was being treated for hypertension. On the day of the offense, appellant visited Dr. Kaplan's clinic. Appellant at that time was taking several medications: Inderal, Apresoline, Zaroxyln, Potassium Floride, Valium and Tylenol. Dr. Kaplan testified that a person in appellant's physical condition acting under the effects of these medications might appear to be intoxicated. On cross-examination, Dr. Kaplan testified that the taking of these medications, especially Valium, with alcohol might cause an individual to lose his or her mental alertness quicker than if he or she was drinking only alcohol. The appellant took the stand and testified that she did not drink any intoxicating liquor on the day of the offense but did take all of her medications.

The trial judge in charging the jury as he did was merely applying the law to the facts of this particular case. This is demonstrated in *Kessler v. State*, 136 Tex.Cr.R. 340, 125 S.W.2d 308 (1939), another DWI case. Kessler testified that she did not remember drinking any whiskey on the day of the offense, but she had taken several tablets of amytal. Kessler's doctor testified that amytal was a sedative and would have the same effect on people as whiskey. On appeal, Kessler contended that the court erred in declining to give her special requested instruction to the effect that if she were intoxicated from the combined use of amytal and whiskey to acquit her. This Court found that she was not entitled to such an instruction:

**490**

"If she indulged in the use of amytal to such an extent that she thereby made herself more susceptible to the influence of intoxicating liquor than she otherwise would have been and by reason thereof became intoxicated from the recent use of ardent spirits, she would be in the same position as though her intoxication was produced by the use of whiskey alone. A person who gets himself in a condition whereby he may become intoxicated from a lesser quantity of whiskey then it would ordinarily take to produce intoxication is nevertheless intoxicated from the use of whiskey." 125 S.W.2d at 309.

The jury was appropriately charged that they could convict appellant upon finding that her intoxication was due to liquor alone or a combination of liquor and drugs. Under our case law, this combination of liquor and drugs which would make an individual more susceptible to the influence of the liquor is in effect equivalent to intoxication by liquor alone. *Kessler v. State,* supra. Thus, the trial court's charge did not expand on the allegations of the information but merely applied the facts of this particular case to the law. There is no error.

The judgment of the Court of Appeals which reverses this case because of fundamental error in the jury charge is reversed and the judgment of the trial court is affirmed.

CLINTON and TEAGUE, JJ., concur.