**Juan Flores RODRIGUEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 344–99.**

Court of Criminal Appeals of Texas.

May 17, 2000.

---

Dominique P. Gerard, Houston, for appellant.

Carmen Castillo Mitchell, Asst. Dist. Atty., Matthew Paul, State's Atty., Austin, for State.

## O P I N I O N

PRICE, J., delivered the opinion of the Court, in which MEYERS, HOLLAND, WOMACK, JOHNSON and KEASLER, J.J., joined.

After entering a plea of not guilty to the felony offense of driving while intoxicated, appellant was found guilty by a jury and was sentenced to eight years confinement in the Texas Department of Criminal Justice by the trial court. The First Court of Appeals affirmed the trial court in an un-

published opinion. *Rodriguez v. State*, No. 01–97–01342–CR, 1998 WL 959813 (Tex. App.—Houston [1st Dist.] Dec. 23, 1998)(not designated for publication). We will reverse.

### Facts

While on routine patrol, two police officers noticed that appellant was driving erratically. They testified that when they pulled him over they noticed that his breath smelled of alcohol, his eyes were bloodshot, his speech was slightly slurred, and his balance was unsure. Appellant failed two field sobriety tests and was arrested. When asked at the scene about his health and any medical problems, appellant told officers he was in good health, did not have any medical problems and was not taking any medication. However, when performing field sobriety tests for the videotape operator, appellant stated on the videotape that he was on "Contac" because he had a fever and the flu. He also showed the videotape operator the medicine. The indictment alleged that appellant was intoxicated "by the reason of the introduction of alcohol into his body."

At trial, appellant testified that he had not been drinking, but that the medication he had taken for the flu made him drowsy. The State, over defense objection, presented the rebuttal testimony of a Houston Police Department Crime Lab toxicologist, who testified to the effects of a cold medication such as Contac. He also testified as to the possible effects of mixing this type of cold medication with alcohol. The charge, submitted over defense objection, defined "intoxicated" as not having the normal use of mental or physical faculties "by reason of the introduction of alcohol, a drug, or a combination of both of those substances, into the body". The application paragraph of the jury charge read as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th day of February, 1997, in Harris County, Texas, the defendant,

Juan Flores Rodriguez, did then and there unlawfully, while intoxicated, namely not having the normal use of his mental or physical faculties *by the reason of the introduction of alcohol into his body,* operate a motor vehicle in a public place; or if you find from the evidence beyond a reasonable doubt that on or about the 15th day of February, 1997 in Harris County, Texas, the defendant, Juan Flores Rodriguez, did then and there unlawfully, while intoxicated, namely not having the normal use of his mental or physical faculties *by the reason of the introduction of a combination of unknown drugs and alcohol into his body,* operate a motor vehicle in a public place, then you will find the defendant guilty of driving while intoxicated on or about the 15th day of February, 1997, as charged in the indictment. (emphasis added)

### Court of Appeals

In his first point of error on appeal, appellant complained that the trial judge erred by submitting an alternative theory of guilt in the jury charge that was not alleged in the indictment. He argued that the charge authorized the jury to convict him if it found either that he was intoxicated by alcohol alone, as alleged in the indictment or because he consumed alcohol in combination with an unknown drug, an allegation not contained within the indictment. The court of appeals summarily overruled appellant's first point of error, stating that a similar charge was approved in a case with similar facts in *Sutton v. State,* 899 S.W.2d 682 (Tex.Crim.App. 1995).

In his second point of error on appeal, appellant complained that the trial judge erred by allowing the prosecution's rebuttal witness to testify to the possible effects of combining "Contac" and alcohol, even though there was no allegation of intoxication other than by alcohol. Appellant contends that this testimony should not have been admitted because the indictment alleged intoxication by alcohol alone. The court of appeals also overruled this point of error, noting first that appellant himself introduced evidence that he had taken cold medication before driving on the night in question; and second, citing *Sullivan v. State,* 831 S.W.2d 533 (Tex.App.—Houston [14[th] Dist.] 1992, pet. ref'd), to support its holding that failure to allege the specific method of intoxication in an indictment does not limit the admissibility of evidence at trial.

We granted appellant's petition for discretionary review to consider the following:

1. The court of appeals erred in relying on *Sutton v. State,* 899 S.W.2d 682 (Tex. Crim.App.1995) in overruling the jury instruction issue, because the presentation of the evidence came from a different direction.

2. The court of appeals erred in relying on *Sullivan v. State,* 831 S.W.2d 533 (Tex.App.—Houston [14[th] Dist.] 1992, pet. ref'd) to support its decision on the admission of expert testimony on an issue not charged, because the case involved a differently worded indictment.

### Analysis

In his first ground for review, appellant contends that the jury charge expanded on the theory alleged in the indictment. He argues that this case is distinguishable from *Sutton.* He points out that in *Sutton,* the jury was allowed to consider whether the defendant took a prescription drug that made him more susceptible to alcohol but they were instructed to determine whether the defendant was intoxicated solely from alcohol. Appellant asserts that in his case the instruction allowed the jury to find he was intoxicated by alcohol or by a combination of alcohol and unknown drugs.

The State responds that when an indictment alleges intoxication by alcohol but the defendant presents evidence that he took drugs preceding his arrest and charge

for driving while intoxicated by alcohol, the State must still prove that the defendant consumed alcohol and, thereby, became intoxicated. Therefore, a jury instruction incorporating the defendant's drug use does not permit the jury to find the defendant guilty absent a showing that he lost the normal use of his faculties through the consumption of alcohol. Rather, such an instruction simply provides the jury with the proper factual context in which to consider the defendant's intoxication. Officers testified that appellant was intoxicated with alcohol, appellant testified that he took medication before being stopped, and an expert testified regarding the synergistic effect between the two. Thus, the State urges that in the present case, just as in *Sutton*, the jury charge given merely applied the law to the facts of this particular case. Furthermore, according to the State, the charge in the present case did not authorize appellant's conviction absent a finding that he had been intoxicated with alcohol. So, the court's decision to include in its instruction a reference to appellant's use of drugs (medication), did not expand on the allegation stated in the indictment, but, instead was simply a proper response to the facts that were developed at trial.

The information in *Sutton* alleged that the defendant drove while intoxicated "by reason of the introduction of alcohol into his body." *See* 899 S.W.2d at 684. The defendant testified that he had taken a prescription drug and had drunk two beers. *Id.* He further testified that his doctor had warned him not to drink alcohol when taking the drug. *Id.* An expert testi-

fied for the defendant about the effect of taking that drug with alcohol. *Id.* The jury was instructed that if a defendant takes a drug that makes him *more susceptible* to the influence of alcohol and then becomes intoxicated from alcohol, the defendant is in the same position as if the intoxication was produced by alcohol alone. *Id.* The defendant complained that the jury charge authorized conviction on a theory not alleged in the information—intoxication by a combination of alcohol and drugs. *Id.*

In a plurality opinion this Court found that our earlier holding in *Heard v. State*, 665 S.W.2d 488 (Tex.Crim.App.1984) was dispositive. *Id.* at 685. However, despite its reliance on *Heard*, the plurality placed no significance on the fact that the type of intoxicant was not an element of the offense under the statute in *Heard* but was an element of the offense under the statute in *Sutton*.[1] *Id.* In fact, it rejected the dissent's contention that *Garcia v. State*, 747 S.W.2d 379 (Tex.Crim.App.1988) controlled.[2] *Id.* Instead, the *Sutton* plurality focused solely on the specific language in the jury instruction and held that it did not expand on the allegations in the information:

> [t]he charge at appellant's trial, when read carefully, allowed conviction only if the jury found that appellant had been intoxicated *with alcohol*, either alone or in combination with a drug that made him *more susceptible* to the alcohol. In either case, the jury had to find that appellant had been intoxicated *with al-*

---

1. At the time of the offense in *Sutton*, the controlling statute, article 6701*l*–1, provided that "[a] person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." The statute further provided that "Intoxicated" means: (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body.

   Under the version of article 6701*l*–1(a)(2)(A) at issue in *Heard*, an offense was committed if a person was driving while in-

toxicated or under the influence of intoxicating liquor. The term "intoxicated" was not defined.

2. In *Garcia*, this Court held stated that the "type of intoxicant used i.e., alcohol, a controlled substance, a drug, or a combination of two or more of these substances, [is] an element of the offense and critically necessary to the State's proof. *Id* at 381. According to the *Sutton* plurality however, reliance on *Garcia* is misplaced because its holding was based on a timely motion to quash.

*cohol,* not with the drug. The jury clearly did so, finding appellant guilty "as charged in the information," which means the jury found him intoxicated due *solely* by reason of the introduction of alcohol into his body. The jury did *not* find appellant guilty due to intoxication by reason of ingestion of Klonopin or ingestion of Klonopin and alcohol. *Id.*

The jury charge in the instant case is distinguishable from the plurality's interpretation of the jury charge in *Sutton.* Furthermore, regardless of one's view of the relevance of *Garcia* to this issue, the jury charge in this case falls short of the requirement established in *Sutton.* Here, there was no "additional susceptibility" theory put to the jury. The application paragraph included an element not contained in the indictment—intoxication by a combination of drugs and alcohol. Therefore, because the instruction in the instant case allowed the jury to convict appellant if it found he was intoxicated by his use of either alcohol alone or by a combination of unknown drugs and alcohol, it improperly expanded on the allegations set forth in the information, and authorized a conviction on a theory not alleged in the charging instrument. As such, appellant's first ground for review is sustained.

Therefore we reverse the judgment of the Court of Appeals and remand this case for a harm analysis in accordance with *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1984). Because of our disposition of appellant's first ground for review, it is unnecessary to address his second ground for review.

KELLER, J., concurred in the judgment.

McCORMICK, P.J., and MANSFIELD, J., dissented without opinion.