# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00751-CR

**Kelly Dale Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT
### NO. 2538, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Kelly Dale Williams guilty of felony driving while intoxicated and assessed his punishment, enhanced by a previous felony conviction, at imprisonment for nine years. Tex. Pen. Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2004). Appellant brings forward three issues complaining of charge error. We affirm the conviction.

At 8:00 p.m. on June 9, 2002, Deputy Brad Allen responded to telephone calls reporting that a man was operating a riding lawn mower on a county road, apparently intoxicated. Allen recognized the operator of the lawn mower as appellant. When the deputy arrived, appellant stopped the mower and dismounted. Appellant exhibited the usual signs of intoxication: a strong odor of alcoholic beverage, unsteadiness, glassy and bloodshot eyes, and slurred speech. Appellant performed two field sobriety tests, both of which indicated that he was intoxicated. Appellant told Allen that he had consumed two beers earlier that day and had also taken Librium.

At trial, appellant denied being intoxicated at the time and place in question. He did testify, however, that he consumed one or two beers around noon on the day of his arrest. During cross-examination, appellant also acknowledged taking a Librium tablet at about 3:00 p.m. Appellant introduced medical records showing that he had a history of alcohol abuse and had received treatment for seizures resulting from alcohol withdrawal. These records showed that appellant was prescribed Librium three weeks before his arrest. There is evidence that Librium is a sedative commonly used to reduce the anxiety associated with alcohol withdrawal. When used together with alcohol, it can have "an additive effect."

The indictment accused appellant of operating a motor vehicle in a public place while intoxicated "by reason of the introduction of alcohol into the body." In conformity with this allegation, the court's charge to the jury defined "intoxication" as "[n]ot having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body." *See* Tex. Pen. Code Ann. § 49.01(2)(A) (West 2003). At the State's request, however, the court also instructed the jury:

> [I]f a defendant indulges in the use of prescription drugs to such an extent that he thereby makes himself more susceptible to the influence of alcohol than he otherwise would have been and by reason thereof becomes intoxicated from the recent use of alcohol, he would be in the same position as though his intoxication was produced by the use of alcohol alone.

Also at the State's request, the court authorized appellant's conviction if the jury found that his consumption of Librium contributed to his intoxication:

> [I]f you find from the evidence beyond a reasonable doubt that . . . [appellant] did then and there operate a motor vehicle in a public place while he was intoxicated by

2

not having the normal use of mental or physical faculties by reason of the introduction of alcohol into his body, either alone or in combination with the prescription drug Librium, then you will find the defendant guilty of the felony offense of Driving While Intoxicated, as alleged in the indictment.[1]

Appellant told the trial court that he had no objection to the charge, but now argues that the instruction on the synergistic effects of ingesting alcohol and prescription drugs was an improper comment on the weight of the evidence. He further argues that the court erred by authorizing his conviction based on a finding that he was intoxicated due to the consumption of alcohol and Librium in combination, a theory not alleged in the indictment. Because he did not object, appellant must show that the charge was fundamentally erroneous. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

In *Heard v. State*, 665 S.W.2d 488 (Tex. Crim. App. 1984), the defendant was accused of driving while "under the influence of intoxicating liquor." *Id*. at 488. The defendant denied drinking on the day in question, but said she had taken several prescription drugs. *Id*. at 489. Her physician testified that he had prescribed these drugs for a medical condition and that their effects could mimic the effects of alcohol intoxication. *Id*. The doctor acknowledged on cross-examination that the drugs could also make an individual more susceptible to the intoxicating effects of alcohol. *Id*. Over the defendant's objection, the court gave the jury an "increased susceptibility" or "synergistic effects" instruction substantially identical to the one given in this cause, then authorized the defendant's conviction on a finding that she drove while "under the influence of intoxicating liquor, either alone or in combination with drugs." *Id*. The court of criminal appeals

---

[1] Appellant's two previous DWI convictions were stipulated.

3

found no error in the charge, holding that it did not expand on the allegations of the information. *Id*. at 490.

In *Sutton v. State*, 899 S.W.2d 682, 683 (Tex. Crim. App. 1995), the defendant was accused of operating a motor vehicle in a public place while intoxicated "by reason of the introduction of alcohol into [his] body." The defendant testified that he consumed two beers after taking the prescription drug Klonopin. *Id*. An expert testified that an adult male who took Klonopin before drinking two beers would appear to be intoxicated on alcohol. *Id*. at 684. The court's charge included a susceptibility instruction like the one given in this cause, then authorized the defendant's conviction if the jury found that he operated a motor vehicle while intoxicated "by reason of the introduction of alcohol into his body, either alone or in combination with Klonopin." *Id*. In a plurality opinion, the court of criminal appeals held that the case was controlled by *Heard*. *Id*. at 685. The court held that the court's charge did not enlarge on the allegations in the information because it required a finding of alcohol intoxication even if the jury believed that the Klonopin had made the defendant more susceptible to the effects of alcohol. *Id*.

We agree with the State that the present cause is controlled by *Heard* and *Sutton*. As in those cases, appellant was accused of driving while intoxicated by alcohol. There was evidence that appellant had been drinking, but that he had also taken a prescription drug that had the effect of aggravating alcohol's intoxicating effect. The court's charge was patterned after those in *Heard* and *Sutton*.[2] The charge authorized appellant's conviction only if the jury found that he was intoxicated

---

[2] The record reflects that the prosecutor cited these opinions to the court at the time the charge was prepared.

by alcohol, either alone or in combination with a drug that made him more susceptible to the effects of alcohol than he otherwise would have been.

Appellant urges that the "increased susceptibility" or "synergistic effect" instruction was erroneous under this Court's opinion in *Atkins v. State*, 990 S.W.2d 763 (Tex. App.—Austin 1999, pet. ref'd). In that case, the arresting officer testified that the defendant manifested the physical symptoms of intoxication but defense witnesses attributed the defendant's behavior to fatigue. *Id*. at 764. Over objection, the trial court gave a susceptibility instruction patterned after those given in *Heard* and *Sutton*, but instead of drugs the instruction discussed the effect of alcohol when consumed by a person who has "allow[ed] his physical condition to deteriorate to such an extent that he thereby makes himself more susceptible to the influence of alcohol." *Id*. at 765. We concluded that it was error to give this instruction, but that the error was harmless in light of the evidence and the charge as a whole. *Id*. at 769.[3] We distinguished *Heard* and *Sutton* on the grounds that: (1) the statutory definition of intoxication does not mention fatigue or any other natural deterioration of the body; and (2) there was no evidence linking fatigue with alcohol to establish synergistic effects upon intoxication. *Id*. at 767. These same factors also distinguish *Atkins* from the cause now before us.

Appellant also relies on the opinion in *Rodriguez v. State*, 18 S.W.3d 228 (Tex. Crim. App. 2000), another prosecution for driving while intoxicated by alcohol. *Id*. at 229. The defendant testified that he had not been drinking, but that a cold medication he had taken made him drowsy. *Id*. The State called a toxicologist to testify to the possible effects of mixing cold medicines of this

---

[3] The opinion does not mention the wording of the application paragraph.

type with alcohol. *Id.* In its charge, the trial court authorized the defendant's conviction if the jury found that he was intoxicated "by reason of the introduction of alcohol into his body" or "by the reason of the introduction of a combination of unknown drugs and alcohol into his body." *Id.* at 230. The court of criminal appeals held that this charge impermissibly expanded on the allegations contained in the information and permitted a conviction on a theory not alleged. *Id.* at 232. The court held that *Sutton* and *Heard* did not apply because the charge did not contain an "additional susceptibility" instruction of the sort given in those cases. *Id.* Such an instruction was given by the court below.

Following *Sutton* and *Heard*, we conclude that the court's charge did not impermissibly comment on the weight of the evidence or authorize appellant's conviction on a theory not alleged in the indictment. *Atkins* and *Rodriguez*, relied on by appellant, are distinguishable. Appellant's issues do not present error, fundamental or otherwise.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: January 8, 2004

Do Not Publish

6