TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00751-CR






Kelly Dale Williams, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT


NO. 2538, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Kelly Dale Williams guilty of felony driving while intoxicated
and assessed his punishment, enhanced by a previous felony conviction, at imprisonment for nine
years. Tex. Pen. Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2004). Appellant
brings forward three issues complaining of charge error. We affirm the conviction.

At 8:00 p.m. on June 9, 2002, Deputy Brad Allen responded to telephone calls
reporting that a man was operating a riding lawn mower on a county road, apparently intoxicated. 
Allen recognized the operator of the lawn mower as appellant. When the deputy arrived, appellant
stopped the mower and dismounted. Appellant exhibited the usual signs of intoxication: a strong
odor of alcoholic beverage, unsteadiness, glassy and bloodshot eyes, and slurred speech. Appellant
performed two field sobriety tests, both of which indicated that he was intoxicated. Appellant told
Allen that he had consumed two beers earlier that day and had also taken Librium.

At trial, appellant denied being intoxicated at the time and place in question. He did
testify, however, that he consumed one or two beers around noon on the day of his arrest. During
cross-examination, appellant also acknowledged taking a Librium tablet at about 3:00 p.m. 
Appellant introduced medical records showing that he had a history of alcohol abuse and had
received treatment for seizures resulting from alcohol withdrawal. These records showed that
appellant was prescribed Librium three weeks before his arrest. There is evidence that Librium is
a sedative commonly used to reduce the anxiety associated with alcohol withdrawal. When used
together with alcohol, it can have "an additive effect." 

The indictment accused appellant of operating a motor vehicle in a public place while
intoxicated "by reason of the introduction of alcohol into the body." In conformity with this
allegation, the court's charge to the jury defined "intoxication" as "[n]ot having the normal use of
mental or physical faculties by reason of the introduction of alcohol into the body." See Tex. Pen.
Code Ann. § 49.01(2)(A) (West 2003). At the State's request, however, the court also instructed the
jury: 


[I]f a defendant indulges in the use of prescription drugs to such an extent that he
thereby makes himself more susceptible to the influence of alcohol than he otherwise
would have been and by reason thereof becomes intoxicated from the recent use of
alcohol, he would be in the same position as though his intoxication was produced
by the use of alcohol alone.



Also at the State's request, the court authorized appellant's conviction if the jury found that his
consumption of Librium contributed to his intoxication:


[I]f you find from the evidence beyond a reasonable doubt that . . . [appellant] did
then and there operate a motor vehicle in a public place while he was intoxicated by
not having the normal use of mental or physical faculties by reason of the
introduction of alcohol into his body, either alone or in combination with the
prescription drug Librium, then you will find the defendant guilty of the felony
offense of Driving While Intoxicated, as alleged in the indictment.[ (1)]



Appellant told the trial court that he had no objection to the charge, but now argues that the
instruction on the synergistic effects of ingesting alcohol and prescription drugs was an improper
comment on the weight of the evidence. He further argues that the court erred by authorizing his
conviction based on a finding that he was intoxicated due to the consumption of alcohol and Librium
in combination, a theory not alleged in the indictment. Because he did not object, appellant must
show that the charge was fundamentally erroneous. Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (op. on reh'g).

In Heard v. State, 665 S.W.2d 488 (Tex. Crim. App. 1984), the defendant was
accused of driving while "under the influence of intoxicating liquor." Id. at 488. The defendant
denied drinking on the day in question, but said she had taken several prescription drugs. Id. at 489. 
Her physician testified that he had prescribed these drugs for a medical condition and that their
effects could mimic the effects of alcohol intoxication. Id. The doctor acknowledged on cross-examination that the drugs could also make an individual more susceptible to the intoxicating effects
of alcohol. Id. Over the defendant's objection, the court gave the jury an "increased susceptibility"
or "synergistic effects" instruction substantially identical to the one given in this cause, then
authorized the defendant's conviction on a finding that she drove while "under the influence of
intoxicating liquor, either alone or in combination with drugs." Id. The court of criminal appeals
found no error in the charge, holding that it did not expand on the allegations of the information. 
Id. at 490.

In Sutton v. State, 899 S.W.2d 682, 683 (Tex. Crim. App. 1995), the defendant was
accused of operating a motor vehicle in a public place while intoxicated "by reason of the
introduction of alcohol into [his] body." The defendant testified that he consumed two beers after
taking the prescription drug Klonopin. Id. An expert testified that an adult male who took Klonopin
before drinking two beers would appear to be intoxicated on alcohol. Id. at 684. The court's charge
included a susceptibility instruction like the one given in this cause, then authorized the defendant's
conviction if the jury found that he operated a motor vehicle while intoxicated "by reason of the
introduction of alcohol into his body, either alone or in combination with Klonopin." Id. In a
plurality opinion, the court of criminal appeals held that the case was controlled by Heard. Id. at
685. The court held that the court's charge did not enlarge on the allegations in the information
because it required a finding of alcohol intoxication even if the jury believed that the Klonopin had
made the defendant more susceptible to the effects of alcohol. Id.

We agree with the State that the present cause is controlled by Heard and Sutton. As
in those cases, appellant was accused of driving while intoxicated by alcohol. There was evidence
that appellant had been drinking, but that he had also taken a prescription drug that had the effect of
aggravating alcohol's intoxicating effect. The court's charge was patterned after those in Heard and
Sutton. (2) The charge authorized appellant's conviction only if the jury found that he was intoxicated
by alcohol, either alone or in combination with a drug that made him more susceptible to the effects
of alcohol than he otherwise would have been.

Appellant urges that the "increased susceptibility" or "synergistic effect" instruction
was erroneous under this Court's opinion in Atkins v. State, 990 S.W.2d 763 (Tex. App.--Austin
1999, pet. ref'd). In that case, the arresting officer testified that the defendant manifested the
physical symptoms of intoxication but defense witnesses attributed the defendant's behavior to
fatigue. Id. at 764. Over objection, the trial court gave a susceptibility instruction patterned after
those given in Heard and Sutton, but instead of drugs the instruction discussed the effect of alcohol
when consumed by a person who has "allow[ed] his physical condition to deteriorate to such an
extent that he thereby makes himself more susceptible to the influence of alcohol." Id. at 765. We
concluded that it was error to give this instruction, but that the error was harmless in light of the
evidence and the charge as a whole. Id. at 769. (3) We distinguished Heard and Sutton on the grounds
that: (1) the statutory definition of intoxication does not mention fatigue or any other natural
deterioration of the body; and (2) there was no evidence linking fatigue with alcohol to establish
synergistic effects upon intoxication. Id. at 767. These same factors also distinguish Atkins from
the cause now before us.

Appellant also relies on the opinion in Rodriguez v. State, 18 S.W.3d 228 (Tex. Crim.
App. 2000), another prosecution for driving while intoxicated by alcohol. Id. at 229. The defendant
testified that he had not been drinking, but that a cold medication he had taken made him drowsy. 
Id. The State called a toxicologist to testify to the possible effects of mixing cold medicines of this
type with alcohol. Id. In its charge, the trial court authorized the defendant's conviction if the jury
found that he was intoxicated "by reason of the introduction of alcohol into his body" or "by the
reason of the introduction of a combination of unknown drugs and alcohol into his body." Id. at 230. 
The court of criminal appeals held that this charge impermissibly expanded on the allegations
contained in the information and permitted a conviction on a theory not alleged. Id. at 232. The
court held that Sutton and Heard did not apply because the charge did not contain an "additional
susceptibility" instruction of the sort given in those cases. Id. Such an instruction was given by the
court below.

Following Sutton and Heard, we conclude that the court's charge did not
impermissibly comment on the weight of the evidence or authorize appellant's conviction on a
theory not alleged in the indictment. Atkins and Rodriguez, relied on by appellant, are
distinguishable. Appellant's issues do not present error, fundamental or otherwise.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: January 8, 2004

Do Not Publish
1. Appellant's two previous DWI convictions were stipulated.
2. The record reflects that the prosecutor cited these opinions to the court at the time the charge
was prepared. 
3. The opinion does not mention the wording of the application paragraph.