NO. 07-05-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 20, 2007
_____

KENNETH M. ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2005-494,062; HONORABLE DRUE FARMER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Kenneth M. Romero brings this appeal from his conviction of the misdemeanor offense of driving while intoxicated. His single issue assigns error to the inclusion of a jury instruction on the "synergistic effect" of certain prescription drugs and alcohol because, he contends, there was no evidence supporting the instruction. We affirm.

The relevant facts are undisputed. After a citizen's report of a person who was unconscious or unresponsive, Lubbock emergency medical service personnel responded

to a bank ATM location in the City of Lubbock.  They found appellant in the driver's seat of a car with the engine running.[1]  Emergency medical technician Rick Perez woke appellant and determined he did not require medical attention.  Perez did report appellant smelled of alcohol.  Lubbock police officer Chad Demaray arrived shortly after the ambulance.  Demaray observed appellant smelled of alcohol and appeared disoriented.  He released the ambulance and asked appellant to perform field sobriety tests.  Based on those tests, Demaray arrested appellant for DWI.  During questioning at the police station appellant told Demaray he had consumed four glasses of beer and was taking prescription medications.

The information charging appellant with DWI alleged he operated a motor vehicle in a public place while "intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body."  Appellant pled not guilty and the case was tried to a jury.  At trial, the State's only witnesses were Perez and Demaray, who testified to the facts we have set out.

The only defense witness at the guilt-innocence phase was appellant's wife, Amanda Romero, who testified at the time of arrest appellant was taking Lipitor, for hyperlipidemia, Atenolol, an antihypertensive, Zoloft, an antidepressant, and baby aspirin.  She also described the effect of those medications on appellant.

The jury charge contained two application paragraphs.  Paragraph 3 provided:

---

[1] The record suggests appellant's car was positioned as though queued to use the drive-up ATM and that he fell asleep while waiting for another driver to complete a transaction.

2

Now, if you find from the evidence beyond a reasonable doubt that on or about March 5th, 2004, in Lubbock County, Texas, the defendant, KENNETH M ROMERO, did then and there operate a motor vehicle in a public place while the said defendant was intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body; then you will find the defendant guilty as alleged in the information.

You are further instructed that if a defendant indulges in the use of Lipitor, Atenolol, Zoloft, baby aspirin, or Plavix to such an extent than he thereby makes himself more susceptible to the influence of alcohol that (sic) he otherwise would have been, and by reason thereof becomes intoxicated from recent use of alcohol, he would be in the same position as though his intoxication was produced by the use of alcohol alone.

Unless you so find beyond a reasonable doubt or you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "not guilty".

In paragraph 4 the jury was charged:

Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that the Defendant, Kenneth Romero, on or about the 5th day of March, A.D. 2004, in the County of Lubbock and State of Texas was intoxicated, in that the Defendant did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body, and while so intoxicated by reason of the introduction of alcohol into his body, either alone or in combination with Lipitor, Atenolol, Zoloft, baby aspirin or Plavix and on the said date did then and there drive or operate a motor vehicle in a public place; you will find the defendant guilty as charged in the information.

Appellant objected to the synergistic effect instruction in paragraph 3 on the basis it authorized conviction on a theory not alleged in the information. The trial court overruled the objection and both paragraphs were included in the charge. The jury found appellant guilty and punishment was assessed at one year of confinement and a fine. Imposition of

3

the sentence was suspended for 24 months and appellant was placed on community supervision.

In a single issue, appellant contends the trial court erred in charging the jury on the synergistic effect of the prescription medications and alcohol because there was no evidence of such a synergistic relationship between the medications and alcohol. The standard of review for jury charge error is set out in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh'g) and reaffirmed in *Middleton v. State,* 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). We first determine if error exists in the court's charge. *Middleton,* 125 S.W.3d at 453 (*citing Hutch v. Sate,* 922 S.W.2d 166, 171 (Tex.Crim.App. 1996)). If we find charge error, then we analyze the error for harm, with the type of harm analysis we employ dependent on whether the error was preserved. *Middleton,* 125 S.W.3d at 453. Under *Almanza,* for preserved error, we must reverse if we conclude the defendant suffered "some harm." *Almanza,* 686 S.W.2d at 171. If error was not properly preserved, we will reverse only if the record establishes as a result of the court's error the defendant suffered "egregious harm." *Id.*

In *Gray v. State,* the Court of Criminal Appeals summarized a trial court's responsibility concerning the jury charge as follows:

> Our Legislature has made clear that a trial judge's charge to the jury must set forth the law applicable to the case. Relying on that statute, we have held that a trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. It is not enough for the charge to merely incorporate the allegation in the charging instrument. Instead, it must also apply the law to the facts adduced at trial. This is because the jury must be instructed under what circumstances they should

4

convict, or under what circumstances they should acquit.  Jury charges which fail to apply the law to the facts adduced at trial are erroneous.

152 S.W.3d 125, 127-128 (Tex.Crim.App. 2004) (citations and internal quotation marks omitted).

As noted, appellant's objection at trial to the proposed charge was that it would authorize his conviction on a theory not alleged in the information.  That objection is answered by the opinion in *Gray*, 152 S.W.3d at 133.  Like the charge at issue in *Gray*, the charge here required the jury to find appellant was intoxicated due to alcohol.[2]  It was thus consistent with the information.  The trial court properly overruled appellant's objection.

On appeal, appellant raises a different objection to the charge.  His appellate issue contends the synergistic effect instruction was improper because there was no evidence of a synergistic relationship between the listed medications and alcohol.  The gist of his argument is that a trial court errs by including such an instruction in the charge absent expert testimony of the effects of combining the medications and alcohol.  He notes expert testimony on the effect of combining alcohol and the medication used by the defendant was presented in *Gray*, 152 S.W.3d at 126-27 (State chemist testified to synergistic effect) and *Sutton*, 899 S.W.2d at 684 (forensic science expert testimony that beer would "enhance the effect" of the medication).[3]

_____

[2]The court rejected the same contention in *Sutton v. State*, 899 S.W.2d 682, 685 (Tex.Crim.App. 1995).

[3] Appellant also points to *Heard v. State,* 665 S.W.2d 488 (Tex.Crim.App. 1984); *Kessler v. State,* 125 S.W.2d 308 (Tex.Crim.App. 1939); *Williams v. State,* No. 03-02-00751-CR, 2004 WL 34840 *1, 2004 Tex. App. LEXIS 100, *2 (Tex.App.–Austin January

Appellant is correct that expert testimony was presented in the cases he cites. But we do not read any of them to say that a court errs by giving an instruction telling the jury "under what circumstances they should convict, or under what circumstances they should acquit,"[4] when testimony raises the issue whether the defendant's intoxication resulted from use of alcohol or ingestion of medication, unless the jury has heard expert testimony of a synergistic effect from the use of medications and alcohol.[5] In *Eaton v. State,* the Texarkana court of appeals recently found no error in an instruction similar to that addressed in *Gray*. No. 06-06-00153-CR, 2006 WL 1702286 , 2006 Tex.App. LEXIS 5309 (Tex.App.–Texarkana, June 22, 2006, pet. ref'd) (not designated for publication). The evidence there came from a trooper's testimony that the defendant admitted he "'shouldn't be mixing alcohol with his antibiotic medication,'" and from the defendant's wife, a licensed vocational nurse. 2006 WL 1702286 *1. She described the medications her husband was taking to treat spider bites, and agreed that pain medicine should not be mixed with

---

8, 2004, no pet.) (not designated for publication) and *Cantu v. State,* No. 14-98-01324-CR, 2000 WL 1421683 *1, 2000, Tex. App. LEXIS 6520, *2 (Tex.App.–Houston [14th Dist.] September 28, 2000, no pet.) (not designated for publication) as other instances in which such expert testimony was presented. *See also Rodriguez v. State*, 18 S.W.3d 228, 229 (Tex.Crim.App. 2000) (police toxicologist testified to effect of mixing medication and alcohol).

[4] *Gray*, 152 S.W.3d at 127-28, quoting *Ex parte Chandler*, 719 S.W.2d 602, 606 (Tex.Crim.App. 1986).

[5] *But see Gray,* 152 S.W.3d at 138 (Cochran, J., dissenting) (in opposing submission of synergistic effect instruction on ground it is not part of statutory law, dissent implies necessity of expert testimony on synergistic effect: "It takes scientific evidence to support a possible conclusion that X substance, when combined with Y substance, causes a synergistic effect upon the body, making the effect of Y substance more pronounced than it otherwise would have been.").

alcohol. *Id.* Citing *Gray*, the appellate court agreed with the State that the testimony supported the trial court's inclusion of the instruction. *Id.* at *2.

Similarly, in *Robinson v. State,* the court found the issues addressed by a synergistic effect instruction were raised by the evidence. No. 05-05-01722-CR, 2007 WL 882487 *4, 2007 Tex. App. Lexis 2316 *9-10 (Tex.App.–Dallas, March 26, 2007, no pet.) (not designated for publication). The evidence came from a police officer's report reciting the defendant's statement she was under the care of a psychiatrist and had been prescribed Xanax, the defendant's statement on an arrest video that she was "taking Xanax," a Physician's Desk Reference section on Xanax stating that because of its "CNS depression effects, patients receiving Xanax should be cautioned against" activities such as driving a motor vehicle, and, for the same reason, should be cautioned about the simultaneous ingestion of alcohol and other CNS depressive drugs during treatment with Xanax, and the arresting officer's testimony that Xanax "could have" or "possibly" been a cause of the defendant's intoxication. 2007 WL 882487 *3-5.

In the case at bar, officer Demaray testified for the State that appellant admitted consuming four glasses of beer and taking prescription medication that morning. In his case in chief, appellant offered the testimony of his wife Amanda Romero. Romero, a registered nurse of 15 years, stated she was employed by a Lubbock physician as a clinical research coordinator conducting drug trials for new medications. Concerning appellant, she testified that at the time of his arrest he was taking the prescribed medications Lipitor, Atenolol, Zoloft, Plavix, and "baby aspirin." She added that he had taken these medications since November 2000. According to Romero, these medications

7

caused such symptoms in appellant as confusion, memory loss, sleepiness, and agitation. Romero explained that Zoloft carries a warning that patients should exercise caution when using it with alcohol. She opined a person taking Zoloft should not operate a motor vehicle after "drinking heavily."[6] She believed factors such as a person's size, weight, food consumed, and "things like that," determine whether consumption of four beers crosses the threshold of "drinking heavily." She believed appellant might become intoxicated after consuming five or six beers. Romero stated that her husband's symptoms she associated with his medications were sometimes activated by alcohol consumption.

In *Gray* the court authorized jury instructions on the synergistic effect of drugs and alcohol in DWI cases where there is some evidence presented at trial that the accused's loss of the normal use of his mental and/or physical faculties due to alcohol consumption was enhanced or worsened because of drug consumption. *Gray,* 152 S.W.3d at 127, 131, 133. The defendant in Gray, was charged with DWI by reason of the introduction of alcohol into his system. *Id.* at 126. But at trial it was shown that at the time of arrest the defendant was also taking antidepressant medications. *Id.* The court gave the jury a synergistic effect charge similar to the one given in this case. *Id.* at 127. The court of criminal appeals found no error. *Id.* at 133-34.

Here the jury heard evidence of appellant's alcohol consumption on the day in question, his use of prescription medications including the antidepressant Zoloft, the

---

[6] Romero's testimony was admitted without objection. The parties do not address the question of her qualifications as an expert, nor do we. *See* Tex. R. Evid. 702.

warning that Zoloft and alcohol should be used together with caution, that a patient taking Zoloft should not operate a motor vehicle after substantial alcohol consumption, that alcohol and the medications appellant took affected his behavior.

We find some evidence was presented raising the issue of a synergistic relationship between appellant's medications and alcohol. Accordingly, we find the court did not err by including an instruction addressing that subject. Having found no error, we do not reach the subject of harm.[7] We overrule appellant's single issue.

Having overruled appellant's sole issue we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

[7] We note, however, that to accomplish reversal of his conviction appellant would have been required to show he suffered egregious harm from the court's charge error, because his contention on appeal did not match his objection at trial. *See Martin v. State,* 200 S.W.3d 635, 637 (Tex.Crim.App. 2006) (in dicta, court noted *Almanza* egregious harm standard applied as petition was granted on basis other than raised in trial court by objection to charge).