TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00598-CR







Tony Walter Gordon, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-07-1378-S, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Tony Walter Gordon guilty of felony driving while
intoxicated. See Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2008). 
The district court assessed punishment, enhanced by two previous felony convictions, at sixty years'
imprisonment. In two issues, appellant contends that the evidence is legally and factually
insufficient to sustain the guilty verdict. We overrule these contentions and affirm the conviction.

The State's only witness at the guilt stage was Department of Public Safety Officer
Todd Reed. Reed testified that at 11:10 p.m. on the night in question, he stopped a Ford Explorer
after seeing the vehicle speeding and making a turn without signaling. Appellant was the driver and
sole occupant of the vehicle. Reed testified that when he approached the Explorer, he noticed a
strong odor of an alcoholic beverage. Reed asked appellant to step out of the vehicle and saw that
he was unsteady on his feet. The officer also noticed that appellant's eyes were bloodshot. Reed
testified that when he asked appellant if he had been drinking, appellant told him that he "drank a
six-pack at the Miles Cotton Fest." Reed said that he later found three unopened cans of beer in the
Explorer, all of which were cold to the touch. Reed also testified that appellant told him that he had
taken two medications, "Soma and Loritab, and I think he had taken it thirty minutes earlier."

Reed testified that he administered the standard field sobriety tests to appellant at the
scene of the stop. He said that he observed six of six clues on the horizontal gaze nystagmus test,
five of eight clues on the walk-and-turn test, and three of four clues on the one-legged stand test. 
According to the officer, the results of each test indicated intoxication. Based on these test results
and his earlier observations, Reed arrested appellant for driving while intoxicated. (1)

Appellant agreed to an Intoxilyzer test at the jail, but he did not give an adequate
breath sample. Reed testified that appellant would pretend to blow into the machine or would blow
for two or three seconds, then stop. Eventually, after appellant consistently failed to blow into the
machine with the required force, Reed aborted the test with no result.

The defense called two witnesses at the guilt stage. Kimberly Douangkesone,
appellant's girlfriend and the owner of the Explorer, testified that she went to the scene of appellant's
arrest to retrieve her vehicle and drive it home. She said that she spoke to appellant at the scene and,
in her opinion, he was not intoxicated. Helen Gail Baugh testified that she saw appellant give a
breath sample at the scene, a fact denied by Reed. 

When there is a challenge to the sufficiency of the evidence to sustain a criminal
conviction, the question presented is whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); 
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In a legal sufficiency review, all the
evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact
resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a
manner that supports the verdict. Clayton, 234 S.W.3d at 778.

Appellant contends that the evidence is legally insufficient to prove that he was
intoxicated solely by alcohol as alleged in the indictment and found by the jury. He argues that his
statement to Reed that he had taken Soma and Loritab raises the possibility that his intoxication was
due to the drugs or to a combination of alcohol and the drugs. There is, however, no evidence
regarding the nature of these drugs or their effects. In particular, there is no evidence that use of the
drugs, either alone or in combination with alcohol, can result in intoxication. (2) Viewing the evidence
in the light most favorable to the verdict, we conclude that a rational trier of fact could find all the
elements of the charged offence beyond a reasonable doubt. Issue one is overruled.

In a factual sufficiency review, all the evidence is considered equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin
1992, no pet.). Due deference must be accorded the fact finder's determinations, particularly those
concerning the weight and credibility of the evidence, but the reviewing court may disagree with the
result in order to prevent a manifest injustice. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed
factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt
clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance
of the available evidence. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006);
Johnson, 23 S.W.3d at 11.

Insofar as the testimony of the defense witnesses suggests that appellant was not
intoxicated, we must defer to the jury's apparent determination that this testimony was not credible. 
The only other evidence favorable to appellant is his statement to Reed that he had taken two
medications. The suggestion that these drugs caused appellant's intoxication does not predominate
over the evidence of his alcohol use. The jury's determination that appellant was intoxicated by
alcohol was not manifestly unjust or against the great weight and preponderance of the available
evidence. Issue two is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: April 28, 2009

Do Not Publish

 
1. A recording of these events made by the video equipment in Reed's patrol car was introduced
in evidence and shown to the jury. The video is consistent with Reed's testimony.
2. The court of criminal appeals has stated that the combination of alcohol and drugs that make
an individual more susceptible to the influence of the alcohol is equivalent to intoxication by alcohol
alone. Gray v. State, 152 S.W.3d 125, 128 (Tex. Crim. App. 2004) (quoting Heard v. State, 665
S.W.2d 488, 490 (Tex. Crim. App. 1984)).