# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00598-CR

**Tony Walter Gordon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-07-1378-S, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Tony Walter Gordon guilty of felony driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2008). The district court assessed punishment, enhanced by two previous felony convictions, at sixty years' imprisonment. In two issues, appellant contends that the evidence is legally and factually insufficient to sustain the guilty verdict. We overrule these contentions and affirm the conviction.

The State's only witness at the guilt stage was Department of Public Safety Officer Todd Reed. Reed testified that at 11:10 p.m. on the night in question, he stopped a Ford Explorer after seeing the vehicle speeding and making a turn without signaling. Appellant was the driver and sole occupant of the vehicle. Reed testified that when he approached the Explorer, he noticed a strong odor of an alcoholic beverage. Reed asked appellant to step out of the vehicle and saw that he was unsteady on his feet. The officer also noticed that appellant's eyes were bloodshot. Reed

testified that when he asked appellant if he had been drinking, appellant told him that he "drank a six-pack at the Miles Cotton Fest." Reed said that he later found three unopened cans of beer in the Explorer, all of which were cold to the touch. Reed also testified that appellant told him that he had taken two medications, "Soma and Loritab, and I think he had taken it thirty minutes earlier."

Reed testified that he administered the standard field sobriety tests to appellant at the scene of the stop. He said that he observed six of six clues on the horizontal gaze nystagmus test, five of eight clues on the walk-and-turn test, and three of four clues on the one-legged stand test. According to the officer, the results of each test indicated intoxication. Based on these test results and his earlier observations, Reed arrested appellant for driving while intoxicated.[1]

Appellant agreed to an Intoxilyzer test at the jail, but he did not give an adequate breath sample. Reed testified that appellant would pretend to blow into the machine or would blow for two or three seconds, then stop. Eventually, after appellant consistently failed to blow into the machine with the required force, Reed aborted the test with no result.

The defense called two witnesses at the guilt stage. Kimberly Douangkesone, appellant's girlfriend and the owner of the Explorer, testified that she went to the scene of appellant's arrest to retrieve her vehicle and drive it home. She said that she spoke to appellant at the scene and, in her opinion, he was not intoxicated. Helen Gail Baugh testified that she saw appellant give a breath sample at the scene, a fact denied by Reed.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential

---

[1] A recording of these events made by the video equipment in Reed's patrol car was introduced in evidence and shown to the jury. The video is consistent with Reed's testimony.

elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 234 S.W.3d at 778.

Appellant contends that the evidence is legally insufficient to prove that he was intoxicated solely by alcohol as alleged in the indictment and found by the jury. He argues that his statement to Reed that he had taken Soma and Loritab raises the possibility that his intoxication was due to the drugs or to a combination of alcohol and the drugs. There is, however, no evidence regarding the nature of these drugs or their effects. In particular, there is no evidence that use of the drugs, either alone or in combination with alcohol, can result in intoxication.[2] Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could find all the elements of the charged offence beyond a reasonable doubt. Issue one is overruled.

In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, but the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App.

---

[2] The court of criminal appeals has stated that the combination of alcohol and drugs that make an individual more susceptible to the influence of the alcohol is equivalent to intoxication by alcohol alone. *Gray v. State*, 152 S.W.3d 125, 128 (Tex. Crim. App. 2004) (quoting *Heard v. State*, 665 S.W.2d 488, 490 (Tex. Crim. App. 1984)).

2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

Insofar as the testimony of the defense witnesses suggests that appellant was not intoxicated, we must defer to the jury's apparent determination that this testimony was not credible. The only other evidence favorable to appellant is his statement to Reed that he had taken two medications. The suggestion that these drugs caused appellant's intoxication does not predominate over the evidence of his alcohol use. The jury's determination that appellant was intoxicated by alcohol was not manifestly unjust or against the great weight and preponderance of the available evidence. Issue two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: April 28, 2009

Do Not Publish

4