**Affirmed and Memorandum Opinion filed April 16, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00032-CR

---

### PHEMY TREAMTON MIMIKO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 13th District Court
Navarro County, Texas
Trial Court Cause No. D37552-CR**

---

### MEMORANDUM OPINION

In this appeal from a conviction for unauthorized use of a motor vehicle, the sole question presented is whether the trial court reversibly erred when it submitted a jury charge that named one, but not both, of the vehicle's co-owners.

The vehicle in this case was jointly owned by Mother and Daughter, who lived together in Corsicana. On the day of the offense, Daughter drove the vehicle to a laundromat. Her boyfriend, appellant, rode along as a passenger. They waited together in the vehicle as their laundry was finishing the wash cycle. When the time

came to transfer the laundry to the dryer, Daughter exited the vehicle, leaving her keys, cellphone, and purse behind. As Daughter tended to the laundry, appellant drove the vehicle away.

Appellant had driven the vehicle by himself on previous occasions, but always with Daughter's prior permission. And on those previous occasions, appellant was gone for no more than thirty minutes. He never left Daughter stranded.

But on this occasion, appellant did not obtain Daughter's prior permission to drive the vehicle, nor did he return to the laundromat. Daughter waited at the laundromat for two hours, until she was forced to leave because the laundromat was closing. An employee of the laundromat leant a phone to Daughter, who called a friend to pick her up and take her back home.

Later that evening, Daughter tried calling appellant but he refused to answer, either on his phone or on Daughter's phone, which was still in the vehicle. Daughter shared this information with Mother, who then called 911 and requested that an officer be dispatched to her residence.

When the officer arrived, Mother told him that the vehicle was equipped with a GPS tracking device, and by accessing that device, she showed the officer that the vehicle was currently located in Dallas. Mother asked the officer to report the vehicle as stolen, but Daughter opposed that request, believing that appellant would bring the vehicle back. The officer took no action.

By the following morning, appellant had still not returned the vehicle, so Mother and Daughter mutually agreed to report the vehicle as stolen. The vehicle was tracked down that same day, parked on the shoulder of a major highway in Fort Worth. When police approached the vehicle, they found appellant in the backseat, asleep with another woman.

Appellant was arrested at the scene and advised that the vehicle had been reported as stolen. Appellant told his arresting officer that he was headed to Abilene, and that he did not know who had been driving the vehicle.

Appellant was later charged by indictment, which alleged that he had intentionally or knowingly operated the vehicle without the effective consent of the owner. Though the vehicle had two co-owners, only Mother was identified as the owner.

The case proceeded to trial, where both Mother and Daughter testified that appellant did not have permission to drive the vehicle by himself. Appellant did not testify, but his defense counsel argued that appellant had Daughter's effective consent to operate the vehicle, based on his past history of borrowing the vehicle from Daughter.

In the abstract portion of the jury charge, the trial court tracked the Penal Code definition of the word "owner," which means the person who has (1) title to the property; (2) possession of the property, whether lawful or not; or (3) a greater right to possession of the property than the defendant. Then in the application paragraph, the trial court tracked the indictment and tasked the jury with determining whether appellant intentionally or knowingly operated the vehicle without the effective consent of Mother. The trial court omitted Daughter's name, and the jury convicted appellant as charged.

Appellant did not object to the omission of Daughter's name from the jury charge, but he now contends on appeal that the trial court should have identified both Mother and Daughter as co-owners of the vehicle because that was the "law applicable to the case." *See* Tex. Code Crim. Proc. art. 36.14. We disagree.

3

The legislature broadly defined the word "owner" to have "an expansive meaning" and encompass "anyone with a conceivable connection to the property." *See Freeman v. State*, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986). But this broad definition does not mean that every person having such a connection must be identified as an owner in a jury charge. Under the applicable rules of pleading, "where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them." *See* Tex. Code Crim. Proc. art. 21.08; *e.g.*, *Byrd v. State*, 336 S.W.3d 242, 252 (Tex. Crim. App. 2011) ("For example, if Dad owns a car and loans it to Daughter, and Defendant steals it from the shopping mall where Daughter parked it, the State could allege either Dad—the title or "actual owner"—or Daughter—the "special owner" who actually possessed the car at the time it was stolen—in its theft indictment."). Consistent with this pleading rule, the indictment alleged that Mother was the owner of the vehicle, even though the vehicle was jointly owned by Mother and Daughter.

Of course, pleading rules are not a part of the definition of the offense. *See Morgan v. State*, 501 S.W.3d 84, 90 (Tex. Crim. App. 2016). But the pleadings do determine the prosecution's burden of proof. *See Byrd*, 336 S.W.3d at 252 ("Although the name of the owner is not a substantive element of theft, the State is required to prove, beyond a reasonable doubt, that the person (or entity) alleged in the indictment as the owner is the same person (or entity)—regardless of the name— as shown by the evidence."); *Freeman*, 707 S.W.2d at 605 (even though a department store was the actual owner of the stolen property, the prosecution alleged that the store security guard was the owner because "it is proper and the better practice to allege both ownership and lack of consent in a natural person" who can testify in court). The pleadings likewise determine the scope of the jury charge because the conviction must be authorized by the allegations set forth in the charging

instrument. *Cf. Rodriguez v. State*, 18 S.W.3d 228, 232 (Tex. Crim. App. 2000) (holding that a jury charge was inappropriate because it expanded on the definition of "intoxicated" as set forth in the charging instrument).

Because the indictment alleged that Mother was the owner of the vehicle, the trial court could not have submitted a jury charge that asked whether appellant operated the vehicle without the effective consent of a different owner. We therefore conclude that the trial court did not err by omitting Daughter's name from the application paragraph of the jury charge.

The outcome of this appeal would be the same even if we assumed for the sake of argument that the jury charge was erroneous. Because appellant did not object to the charge, he could only obtain appellate relief if the error caused him egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Harm is egregious when the error affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *See Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

The record does not support a conclusion that appellant suffered egregious harm. In closing arguments, defense counsel emphasized that Daughter was also an owner of the vehicle, and that she had given permission to appellant on other occasions to drive the vehicle by himself. Counsel advanced this argument in an apparent effort to persuade the jury that the prosecution had failed to show that Mother's ownership status was controlling. Had the jury accepted this argument and believed that Daughter, an undisputed co-owner, had consented to appellant's operation of the vehicle, the jury could have acquitted him. But the jury returned a guilty verdict, and the overwhelming evidence supported that finding. Both Mother and Daughter testified that appellant did not have permission to drive the vehicle. And body cam video from the arrest showed that appellant did not even attempt to

claim that he had permission to operate the vehicle. He claimed instead that he did not know who had been operating the vehicle. On this record, we conclude that any error in omitting Daughter's name from the application paragraph of the jury charge did not affect the very basis of the case, deprive appellant of a valuable right, or vitally affect a defensive theory.

The trial court's judgment is affirmed.


/s/    Tracy Christopher
          Justice


Panel consists of Justices Christopher, Wise, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).